IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GUY HOBBS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| ELTON JOHN a/k/a SIR ELTON HERCULES | ) | **TRIAL BY JURY** |
| JOHN, an individual, BERNARD JOHN | ) | |
| TAUPIN a/k/a BERNIE TAUPIN, | ) | |
| an individual, and BIG PIG MUSIC LTD., | ) | |
| a foreign business organization, form unknown, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, GUY HOBBS, by and through his attorney, Daniel J. Voelker of the Voelker Litigation Group, complains against Defendants, ELTON JOHN a/k/a SIR ELTON HERCULES JOHN, BERNARD JOHN TAUPIN a/k/a BERNIE TAUPIN, and BIG PIG MUSIC LTD., as follows:

### I. JURISDICTION AND VENUE

1. This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Sections 1331 and 1338. This Court has federal question jurisdiction in this matter in that Plaintiff seeks damages and injunctive relief against Defendants named herein under Sections 501 through 505 of the Copyright Act of 1976, 17 U.S.C. § 101, et seq. This Court has pendant jurisdiction over any claims asserted herein which arise under state law, including, without limitation, claims seeking the imposition of a constructive trust and the performance of an accounting, in that such claims flow from a common nucleus of operative facts.

2. Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(2)-(3), 1391(c), 1391(d), and 1400(a) in that a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District. In particular, on information and belief, the corporate defendant, Big Pig Music Ltd., among other things, carried (and carries) out substantial, ongoing business activities in this District, and a substantial part of Defendants' acts and omissions in exploiting the musical composition at issue that give rise to Plaintiff's claims for copyright infringement occurred in this District as well.

## II. PARTIES

3. Plaintiff, Guy Hobbs ("Hobbs"), is an individual who resides in Cape Town, South Africa, and is a citizen of South Africa.

4. On information and belief, Defendant, Elton John a/k/a Sir Elton Hercules John ("John"), is, and at times relevant hereto was, an individual residing in Windsor, United Kingdom, and Atlanta, Georgia.

5. On information and belief, Defendant, Bernard John Taupin a/k/a Bernie Taupin ("Taupin"), is, and at all times relevant hereto was, an individual residing in Santa Ynez, California.

6. On information and belief, Defendant, Big Pig Music Ltd. ("Big Pig"), is a foreign business organization, form unknown, with its principal place of business located in London, United Kingdom.[1]

---

[1] Defendants, John, Taupin, and Big Pig, are sometimes collectively referred to herein as "Defendants."

## III. FACTS COMMON TO ALL CLAIMS

7. Hobbs is an award-winning freelance photojournalist. He was born in Australia, but raised and educated in the United Kingdom.

8. After three years of studying photography at Salisbury Art College in the United Kingdom, Hobbs took his first job as a photographer on a Russian cruise ship, the Taras Shevchenko, at the beginning of 1982. While on board the Russian cruise ship, Hobbs became romantically involved with one of the Russian waitresses. Their relationship occurred during the height of the Cold war. The Russian crew could not leave the cruise ship, but Hobbs had the freedom to travel anywhere he wanted.

9. Before leaving the Taras Shevchenko in the Spring of 1982, Hobbs was inspired by his experiences with the Russian waitress to write a song in his cabin called "Natasha," which consists of wholly-original material. The song centers around an impossible love affair between a Western man and a Russian woman during the Cold War. "Natasha" was, and is, a copyrightable matter under the laws of the United States.

10. In April 1982, Hobbs transferred to a Greek ship. After a year at sea, he moved to London for two years. On May 10, 1983, Hobbs registered his copyright of "Natasha" in the United Kingdom through the process proscribed by the United Kingdom Intellectual Property Office. In addition, he attempted to find someone to compose music to accompany his lyrics, but could never connect with the right person.

11. Based on information he found in a quarterly magazine called "The Songwriter," which came out on or about September 1, 1984, Hobbs also forwarded the lyrics to "Natasha" to several music publishers of male solo artists, asking them to consider publishing his lyrics and assist him to connect with singer/songwriter collaborators. Big Pig was one of the music

3

publishing companies to which Hobbs sent his lyrics. At that time, he believed that Big Pig was an independent publishing company. He was unaware that Big Pig's sole purpose was to publish only the songs written and composed by John and Taupin.

12. On November 11, 1983, Hobbs again registered his copyright of "Natasha" in the United Kingdom, along with four other lyrics he had written.

13. In October 1984, having had no success with his lyrics, Hobbs returned to his career as a photojournalist. He traveled to Africa to commence a series of photo essays for international geographical magazines like GEO in Germany. He lived and worked in Africa for the next ten years. Hobbs then owned his own photo agency, World Focus Features, in Johannesburg, South Africa, for a few years. In the early 2000's, Hobbs started a manufacturing and distribution company in Cape Town, South Africa.

14. In 2001, Hobbs came across the written lyrics of "Nikita" for the first time in a song book. "Nikita" involves an impossible love between a Western man and an East German woman during the Cold War. When Hobbs read the lyrics, he was shocked by the many similarities between the lyrics of "Nikita" and "Natasha."

15. Since 2001, Hobbs has been consistently communicating with John, Taupin and their attorneys demanding compensation for the unauthorized use of his lyrics for "Natasha."

16. Hobbs registered a copyright for a collection of his lyrics entitled "Guy Hobbs Lyric collection 1 (1982-2010)," which included the song "Natasha," on January 13, 2011 (Registration Number PAu3537361).

17. John is an immensely successful solo artist who has recorded numerous Top Forty hit songs and has achieved global stardom over the past 45 years. That success is based largely

on John's collaboration with Taupin on over 30 albums to date, which have sold more than 250 million records.

18. On information and belief, Big Pig is owned entirely by John and Taupin and was created to publish and promote their music. At all times at issue in this Complaint, Taupin wrote poetical lyrics, independent of and usually in a different location to John. Then, John would rework those lyrics into suitable song structures and compose a catchy melody. In late 1984 and early 1985, Taupin's and John's creative process was under considerable strain because the two were struggling to produce enough songs to fill two albums.

19. One of those two albums, *Ice on Fire*, contained the song "Nikita," and was released in late 1985. According to the copyright application, John and Taupin created the song in 1985.

20. On information and belief, the song "Nikita" has appeared (and continues to appear) on over 200 other albums, including compilation John albums and cover versions by other artists.

21. There are significant similarities between Hobbs' composition, "Natasha" and John/Taupin's composition "Nikita".

22. On information and belief, both John and Taupin copied and incorporated substantial, original portions of Hobbs' "Natasha" in their musical composition, "Nikita."

23. On information and belief, both John and Taupin were aware of, participated in, and contributed to the exploitation of the lyrics of "Natasha" in the United States of America, including in this District, through sales of albums, CDs, digital downloads, radio and television airplay, and otherwise.

24. On information and belief, John and Taupin have earned millions of dollars in revenue through their exploitation of "Natasha" and continue currently to actively exploit the lyrics worldwide, including in this District, through sales of CDs, radio and television airplay, and otherwise.

25. On information and belief, John's and Taupin's musical composition and sound recording of "Nikita" was a top ten hit in most countries worldwide. "Nikita" is John's third most popular solo hit of his entire career, according to the average rankings of the major global charts.

26. In 1986, John and Taupin received the prestigious Ivor Novello Award for "Nikita" as the "Best Written Song of the Year."

27. On information and belief, Big Pig copyrighted the musical composition entitled "Nikita." The Certificate of Registration for "Nikita" is identified as "PA0000267371 / 1985-11-18." The authorship on the application for words and music lists John and Taupin.

28. John and Taupin never sought or obtained Hobbs' permission to copy, duplicate, perform, or otherwise use his lyrics to "Natasha" in their musical composition and sound recording of "Nikita."

29. John and Taupin's copying, duplication, use, performance, and exploitation of "Natasha" in their musical composition and sound recording of "Nikita" constitutes infringement of Hobbs' copyright of the lyrics of the song "Natasha."

30. John and Taupin's infringing acts are willful, deliberate, and committed with prior notice and knowledge of Hobbs' authorship and copyright. At a minimum, Defendants acted in reckless disregard of Hobbs' authorship and copyright.

31. On information and belief, each Defendant earned and received tens of millions of dollars and other valuable benefits and consideration from their use of Hobbs' lyrics "Natasha" in their composition "Nikita".

## COUNT I
## (COPYRIGHT INFRINGEMENT AS TO
## "NATASHA" – AGAINST ALL DEFENDANTS)

32. Plaintiff repeats and realleges Paragraphs 1 through 31 of the Complaint as Paragraph 32 of Count I of the Complaint as though they were fully pled herein.

33. Hobbs is, and at all relevant times has been, the sole owner of the copyright of the lyrics "Natasha." As such, Hobbs is entitled and authorized to protect his lyrics against copyright infringement, including the enforcement of copyright actions.

34. On information and belief, since at least 1985, John and Taupin infringed, and are currently infringing, upon Hobbs' copyright of the lyrics to "Natasha," including use of the lyrics in Hobbs' composition "Natasha" in John's and Taupin's musical composition and sound recording of "Nikita" and causing the same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in this District.

35. Hobbs did not authorize John or Taupin to copy, reproduce, perform, or use the lyrics in Hobbs' composition "Natasha" in their musical composition or sound recording of "Nikita" or at all. Defendants did not seek or obtain any permission, consent, or license from Hobbs for the copying, reproducing, performing, or using the lyrics in Hobbs' composition "Natasha" in the composition or recording of "Nikita," or in any uses thereof that were made or authorized by John or Taupin, or at all.

36.     Defendants' infringing acts alleged herein are willful, deliberate, and committed with prior notice and knowledge of Hobbs' authorship and copyright. At a minimum, Defendants acted in reckless disregard of Hobbs' authorship and copyright.

37.     Hobbs is also entitled to recover his attorneys' fees and costs under 17 U.S.C. Section 505.

## COUNT II
## (CONSTRUCTIVE TRUST – AGAINST ALL DEFENDANTS)

38.     Plaintiff repeats and realleges Paragraphs 1 through 37 of the Complaint as Paragraph 38 of Count II of the Complaint as though they were fully pled herein.

39.     By virtue of their wrongful conduct, Defendants have illegally received money and profits that rightfully belonged to Plaintiff.

40.     Therefore, John, Taupin, and Big Pig are involuntary trustees, holding the gross receipts from the product sales and revenues of "Nikita" to the extent attributable to "Natasha" and attributable to the infringement of Hobbs' copyright therein.

41.     Defendants hold the moneys and funds referenced in Paragraphs 38 through 40 above on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real properties, and personal property that can be located and traced.

42.     Hobbs is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Hobbs' copyright of "Natasha."

## COUNT III
## (ACCOUNTING – AGAINST ALL DEFENDANTS)

43. Plaintiff repeats and realleges Paragraphs 1 through 42 of the Complaint as Paragraph 43 of Count III of the Complaint as though they were fully pled herein.

44. Under 17 U.S.C. Section 504, Plaintiff may recover any and all profits of Defendants that are attributable to their acts of infringement.

45. A balance is due from John, Taupin, and Big Pig, and each of them, to Hobbs for misappropriation of profits and gross receipts arising from or attributable to their copying, reproducing, performing, and using Hobbs' lyrics in his composition "Natasha" in John and Taupin's musical composition and sound recording "Nikita."

46. The exact amount of money due from Defendants is unknown to Plaintiff at this time and can be ascertained only through an accounting. Plaintiff seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GUY HOBBS, respectfully requests judgment against Defendants, ELTON JOHN a/k/a SIR ELTON HERCULES JOHN, BERNARD JOHN TAUPIN a/k/a BERNIE TAUPIN, and BIG PIG MUSIC LTD., and each of them, jointly and severally, as follows:

1. That this Court enters judgment against Defendants, Elton John a/k/a Sir Elton Hercules John, Bernard John Taupin a/k/a Bernie Taupin, and Big Pig Music Ltd., and each of them, that Defendants have: (a) infringed Plaintiff's rights in the copyright of the lyrics "Natasha" under 17 U.S.C. Section 501, and that the infringement by Defendants, and each of

them, was willful; and (b) otherwise injured the business reputation and goodwill of Hobbs through the acts and conduct set forth in this Complaint;

2. For the damages suffered by Plaintiff as a result of the infringement complained of herein, as well as disgorgement of any profits from Defendants attributable to their infringement, including the value of all gains, profits, advantages, benefits, and considerations derived by Defendants from and as a result of their infringement of Plaintiff's copyright of "Natasha";

3. In the alternative, if Plaintiff so elects, in lieu of recovery of his actual damages and Defendants' profits, for a 17 U.S.C. Section 504(c) award of statutory damages against Defendants, or any of them, for all copyright infringements (willful or otherwise) involved in this action as to each work in question;

4. That Defendants, and each of them, and each of their respective officers, agents, and employees, and all persons acting in concert with them, be enjoined preliminarily, during the pendency of this action, and permanently thereafter, from falsely marketing, advertising, and promoting "Nikita" as a song written by John and Taupin;

5. That this Court enters an order pursuant to 15 U.S.C. Sections 503 and 509 mandating the impounding of all infringing copies of "Nikita" and any other materials prepared by Defendants containing any copies of the musical composition or sound recording of "Nikita" or any portions thereof;

6. That this Court declare, adjudge, and decree that John, Taupin, and Big Pig, and each of them, have been and are involuntary constructive trustees, holding the gross receipts from the copying, reproduction, performance, and use of "Nikita" to the extent attributable to

"Natasha" or their misuse of the protectable interests of Plaintiff in "Natasha," and that John, Taupin, and Big Pig, and each of them, hold all such monies and funds on behalf of and subject to the first and prior lien against all others and in favor of Plaintiff;

7. That John, Taupin, and Big Pig, and each of them, be required to account for and pay over to Plaintiff all gains and profits derived from or attributable to the copying, reproduction, performance, or use of the lyrics in Plaintiff's composition "Natasha," or any other uses of all or part of this song, made or authorized by John, Taupin, or Big Pig, or any of them, in any format, media, or market, in connection with the musical composition and sound recording of "Nikita";

8. For reasonable attorneys' fees and costs of suit incurred herein; and

9. For such other and further relief in favor of Plaintiff as this Court deems just and proper.

                   Respectfully submitted,

                   **GUY HOBBS,**
                   Plaintiff

                   By: /s/ Daniel J. Voelker
                          One of His Attorneys

Daniel J. Voelker, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T: (312) 870-5430
F: (312) 870-5431
dvoelker@voelkerlitigationgroup.com
www.voelkerlitigationgroup.com

Dated: April 26, 2012

11