Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3117 | **DATE** | 6/19/2012 |
| **CASE TITLE** | Hobbs vs. John et al | | |

**DOCKET ENTRY TEXT**

The Court denies Movant's motion to intervene [9].

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Gino Romano's motion to intervene in an action Plaintiff Guy Hobbs filed against Defendants Elton John, Bernard John Taupin, and Big Pig Music Ltd. (collectively, the "Defendants") alleging copyright infringement, constructive trust, and accounting. *See* 17 U.S.C. § 101, *et seq*. For the reasons set forth below, the Court denies Romano's motion to intervene.

## BACKGROUND

Hobbs filed his Complaint against Defendants on April 26, 2012 claiming copyright infringement, constructive trust, and accounting. (R. 1, Compl. ¶ 1.) Specifically, Hobbs alleges that he wrote lyrics to a song titled "Natasha" and that Big Pig took these lyrics and substantially reproduced them in Elton John's song "Nikita." (*Id*. ¶¶ 9-11, 22.) As a result of "Nikita's" popular success, Defendants purportedly "received money and profits that rightly belonged to [Hobbs]." (*Id*. ¶ 39.) In his motion to intervene, Romano alleges that the lyrics to Hobbs' song "Natasha" were in his diary and that Elton John stole Romano's diary from him. (R. 9, Mov.'s Mot. to Intervene.) Thus, Romano moves to intervene to protect his alleged interest in the "Natasha" lyrics.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

12C3117 Hobbs vs. John et al                                                                                      Page 1 of 2

# LEGAL STANDARD

Romano seeks to intervene under Federal Rules of Civil Procedure 24(a)(2) or, alternatively, 24(b). "There are four requirements for intervention of right under [Rule] 24(a)," including "(1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." *Reid L. v. Illinois State Bd. Of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002) (citations omitted). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Id*. "The failure to meet any one of the factors dictates a denial of the petition." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). "In addition, we must accept as true the non-conclusory allegations of the motion." *Id.*

The relevant portion of Rule 24(b) states: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1). "Rule 24(b) vests district courts with considerable discretion when deciding whether to permit interventions by third parties seeking to protect their interests in a particular action." *Griffith v. Univ. Hosp., LLC*, 249 F.3d 658, 661-62 (7th Cir. 2001) (quotations omitted). Essentially, "Rule 24(b) is just about economy in litigation." *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 987 (7th Cir. 2011).

# ANALYSIS

## I. Intervention as a Right – Rule 24(a)(2)

Because Romano fails to articulate an interest related to the subject matter at issue in the pending litigation between Hobbs and Defendants, his motion under Rule 24(a)(2) is without merit. To clarify, a potential invervenor's interest in the pending lawsuit must be a direct, significant, and legally protectable interest. *See Reich,* 64 F.3d at 322; *Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D. 379, 385 (N.D. Ill. 2006). Moreover, "the interest must be a claim to a legally protected right that is in jeopardy and can be secured by the suit." *Aurora Loan Serv., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006).

Construing Romano's pro se motion liberally, *see Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), he does not demonstrate a related interest to Hobbs' lawsuit. For one, Romano fails to allege a legally protected claim. Instead of making a "colorable claim of privilege" relating to the lawsuit, Romano maintains that Elton John stole his diary. *See United States v. BDO Seidman*, 337 F.3d 802, 809 (7th Cir. 2003) (holding a "colorable claim of privilege" entitles the movant to intervention as a right.) Also, Romano does not allege that he wrote the lyrics to "Natasha," but instead he alleges that the lyrics were in his diary. Even assuming that Romano is alleging copyright infringement, as Hobbs is, he fails to aver any actual interest at stake in Hobbs' action. *See In re Burgeron*, 636 F.3d 882, 883 (7th Cir. 2011) (finding that a third-party's general allegation of interest "is too uncertain to give him the rights of a party automatically."). The Court therefore denies Romano's motion to intervene brought pursuant to Rule 24(a)(2).

## II. Permissive Intervention – Rule 24(b)

Romano's motion to intervene also fails under Rule 24(b) due to the absence of a common question of law or fact between his claims and those at issue in the underlying lawsuit. *See Bond v. Utreras,* 585 F.3d 1061, 1070 (7th Cir. 2009) ("Rule 24(b) allows intervenors to join as parties to a lawsuit when they raise a 'claim' or a 'defense' that 'shares with the main action a common question of law or fact.'") (citing Fed.R.Civ.P. 24(b)(1)(B)). Not only does Romano fail to articulate any common factual or legal questions, the alleged taking of the diary is not a part of the same transaction that gives rise to Hobbs' suit. Moreover, the Court denies Romano's permissive intervention for practical purposes. Given the array of peripheral claims littered throughout Romano's motion, it would be unreasonable to burden and complicate the action between Hobbs and Defendants with these additional, unrelated claims. Therefore, the Court, in its discretion, denies Romano's motion to intervene under Rule 24(b). *See Foster v. Maram,* 478 F.3d 771, 775 (7th Cir. 2007) ("Permissive intervention is within the discretion of the district court").